UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES BOHNERT,

        Plaintiff,

  v.                                Case No. 23-cv-141-pp

RB ROYAL INDUSTRIES,

        Defendant.

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT (DKT. NO. 39), GRANTING MOTION FOR APPROVAL OF SERVICE AWARD (DKT. NO. 40), GRANTING MOTION FOR ATTORNEYS' FEES (DKT. NO. 41) AND DISMISSING CASE**

The plaintiff filed a collective and class action on behalf of himself and similarly situated current and former hourly-paid, non-exempt employees of defendant. Dkt. No. 1. According to the plaintiff, the defendant failed to compensate employees for pre-shift and post-shift hours worked and failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, or other rewards and payments, in employees' regular rates of pay for overtime calculation purposes. Dkt. No. 1 at ¶2.

In October 2024, the court preliminarily approved the parties' settlement and certified two classes: a collective class under the Fair Labor Standards Act (FLSA) and a Rule 23 class under Wisconsin's Wage Payment and Collection Laws (WWPCL). Dkt. No. 37. The parties since have filed a joint motion for settlement approval, dkt. no. 39, and the plaintiff has filed an unopposed motion for approval of the service award, dkt. no. 40, and an unopposed motion for attorneys' fees and costs, dkt. no. 41. The court scheduled a hearing

1

on February 24, 2025 to determine whether the court should approve the settlement agreement as fair, reasonable and adequate and whether the court should enter the proposed final order approving the settlement agreement. Dkt. No. 37 at 3–4.

**I.      Joint Motion for Settlement Approval (Dkt. No. 39)**

Both the FLSA collective action and the Rule 23 class action settlement require judicial approval. The Rule 23 class action settlement also requires a hearing—the court may approve it only after a hearing and on a finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). The rule requires consideration of the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Id.

The considerations in the rule overlap with the factors articulated by the Seventh Circuit:

> (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and

2

Case 2:23-cv-00141-PP    Filed 02/26/25    Page 2 of 12    Document 49

expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted); Fed. R. Civ. P. 23(e)(2).

>   A. Adequacy of Representation – Rule 23(e)(2)(A)

The court previously appointed Charles Bohnert as representative of the collective and Rule 23 classes. Dkt. No. 37 at 2. The court preliminarily certified the following FLSA collective class:

> All individuals who worked for Defendant as non-exempt hourly employees at Defendant's Fond du Lac, Wisconsin Plant between February 3, 2021, and September 30, 2024, and who timely file a consent to opt-into this action.

Id. The court preliminarily certified the following Rule 23 class:

> All individuals who worked for Defendant as non-exempt hourly employees at Defendant's Fond du Lac, Wisconsin Plant between February 3, 2021, and September 30, 2024, and who do not file an exclusion from the class or otherwise "opt-out" from this action.

Id. The court appointed Bohnert to serve as the representative for the certified collective class and it is not aware of any conflicting interests between Bohnert and the other class members. See Dkt. No. 44 at ¶53 (attesting the absence of any conflict of interest). There is no indication on the record that class counsel—James Walcheske and Scott Luzi of the law firm of Walcheske & Luzi—have not adequately represented the class during the litigation. With respect to the first factor, the court is satisfied that the class is adequately represented.

>   B. Arm's-Length Negotiations and Non-Collusiveness of Settlement Process – Rule 23(e)(2)(B) and the Seventh Circuit's First Factor

The Seventh Circuit has emphasized that the "most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's

3

case on the merits balanced against the amount offered in the settlement." Wong, 773 F.3d at 863. The parties have identified a genuine dispute about liability: whether the defendant's alleged time shaving practices resulted in unpaid compensable time and whether the defendant failed to factor certain compensation into the regular rate of pay for overtime calculation and compensation purposes. Dkt. No. 39 at 7. The parties also disagreed over whether any violations by the defendant were willful for damages calculation purposes. The parties reached the settlement agreement after ten months of discovery and engaging in "arms-length negotiations toward a resolution." Id. In the motion, the plaintiff's counsel discussed the strength of the plaintiff's claims and the defendant's defenses, as well as the monetary and non-monetary terms of settlement and procedures. Id. The court is satisfied that the parties negotiated at arm's length and in good faith, balancing the strength of the plaintiff's case on the merits against the amount offered in settlement. This factor also weighs in favor of approving the settlement.

> C. <u>Adequacy of the Relief Provided by the Settlement—Rule 23(e)(2)(C) and the Seventh Circuit's Second and Sixth Factors</u>

When considering the adequacy of relief, Rule 23(e)(2) instructs the court to take into consideration the (1) costs, risks and delay of trial and appeal, (2) the effectiveness of the proposed method of distribution, (3) the terms of any proposed award and (4) the agreements made in connection with the settlement. Fed. R. Civ. P. 23(e)(2). Similarly, the Seventh Circuit looks to the complexity, length and expense of further litigation and the stage of the proceedings and the amount of discovery completed. Wong, 773 F.3d at 863.

The agreement provides for a gross settlement of $45,000, which includes: (1) $19,000 for alleged unpaid overtime of the class members; (2) $21,000 in attorneys' fees and costs to class counsel; and (3) $5,000 as a

4

service award to the representative plaintiff. Dkt. No. 34-1 at 7–8. Each settlement class member will receive a proportionate share of the fund. Id. at 9. Under the terms of the parties' settlement agreement, the amount recoverable by a class member is dependent upon the individual's number of workweeks worked, level of participation in the case (Rule 23 class member and/or collective class member) and the overall participation by class members, with unclaimed amounts to be reallocated across class members. Id. at 9; Dkt. No. 35 at ¶5. The parties estimate that each class member's recovery will fall between $25.00 and $150.00. Dkt. No. 39 at 9.

       1.    *The Costs, Risks, and Delay of Trial and Appeal—Rule 23(e)(2)(C)(i)*

This case has been pending for a little over two years. The parties exchanged written discovery and the defendant provided wage data, additional compensation information, and information concerning members of the putative class members. Dkt. No. 35 at ¶¶3–4. The parties acknowledge that this case would have required continued time, effort, expense and risk had litigation continued. Dkt. No. 39 at 8. Before this case could go to trial, there would have been additional discovery and motion practice for both class certification and summary judgment at minimum. Id.

       2.    *The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims—Rule 23(e)(2)(C)(ii)*

The court first looks at the size of the class: there are 424 individuals who are Rule 23 class members and fifty-nine individuals who opted in to the FLSA collective class (including the named plaintiff). Dkt. Nos. 39 at 3; 44 at ¶¶46–47. The parties have laid out in the agreement the method of distributing the settlement checks to the class members—the settlement checks will be mailed to class counsel within twenty days after entry of the final judgment for

5

distribution to the plaintiffs. Dkt. No. 34-1 at 6. After receiving the checks, class counsel will mail the checks to class members via U.S. Mail no later than ten days after receiving the checks. Id. at 7. The settlement checks expire sixty days after issuance. Id. at 2, 7. If a class member reports their settlement check lost or destroyed, the defendant will stop payment on the original check and issue a new check. Id. at 7. The parties have proposed an effective method of distribution as demonstrated by the settlement agreement.

        3.     *The Terms of any Proposed Award of Attorneys' Fees, Including Timing of Payment—Rule 23(e)(2)(C)(ii)*

The agreement provides for the payment of $21,000 in attorneys' fees and costs using the lodestar method. Dkt. Nos. 34-1 at 8; 42 at 5. Attorney Walcheske has filed an affidavit stating that class counsel has spent a total of approximately 67.6 hours on this matter. Dkt. No. 44 at ¶23. The affidavit further provides that those hours, multiplied by the attorneys' hourly rate of $450 and their legal assistant's hourly rate of $125, total approximately $24,667.50. Id. at ¶¶11–12, 26. The law firm's case-related costs and expenses total $781.25. Id. at ¶30. Thus, the firm's actual fees and costs, to date total approximately $25,448.75. Id. Although this is slightly more than the amount of plaintiff's counsel's requested attorneys' fees and costs, the affidavit notes that the amount of attorneys' fees was set in July 2024 based on an "approximation" of class counsel's fees and costs incurred and anticipated through final certification. Id. at ¶35. The settlement agreement provides that the attorneys' fees (and the service award, if the court approves it) would be distributed at the same time, in the same way, as the payments to the class and collective members. Dkt. No. 34-1 at 9.

6

4.  *Any Agreement Required to Be Identified Under Rule 23(e)(3)—Rule 23(e)(2)(C)(iv)*

The parties have not identified any agreement other than the settlement agreement itself that must be considered under Rule 23(e)(3).

The adequacy of relief weighs in favor of approving the agreement.

D.  Equitable Treatment of Class Members—Rule 23(e)(2)(D)

All class members are entitled to a *pro rata* share and will receive the same treatment. This factor weighs in favor of approving the agreement.

E.  The Amount of Opposition to the Settlement—the Seventh Circuit's Third and Fourth Factors

The court is not aware of any opposition to the settlement. Plaintiff's counsel attests that no individuals requested exclusion from the settlement or objected to the settlement. Dkt. No. 44 at ¶¶47–48. Counsel also did not receive any response or objection after notifying the United States Attorney General, the Wisconsin Department of Workforce Development or the attorneys general of the states in which class members reside. Id. at ¶¶49–50. This factor weighs in favor of approving the agreement.

F.  The Opinion of Competent Counsel—The Seventh Circuit's Fifth Factor

Counsel for both parties agree that the settlement agreement is fair, reasonable and adequate. Dkt. Nos. 39 at 12; 34-1 at 2. Attorney Walcheske filed a declaration regarding the adequacy of the settlement and the reasonableness of class counsel's fees. Attorney Walcheske indicates his belief that the settlement is "an excellent result" for the class and that class members "are receiving amounts representative of their amounts (allegedly) owed." Dkt. No. 44 at ¶33. In addition to the opinions of class counsel, Attorney Robert Mihelich filed a declaration based on his years of practice in this field (with another firm). Dkt. No. 43. Based on his experience and knowledge of the

7

market, as well as his personal opinion of the work of Attorneys Walcheske and Luzi, Attorney Mihelich believes class counsel's hourly rates of $450 are reasonable in this case. Id. at ¶¶8–9. This factor, too, weighs in favor of settlement.

   G.   Final Approval

After reviewing the agreement, hearing from counsel at the February 24 hearing and considering all the above factors, the court will grant the joint motion for approval of settlement.

**II. Plaintiff's Motion for Approval of Service Award (Dkt. No. 40)**

The plaintiff requests a service award of $5,000. Dkt. No. 40. "In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation." Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998).

The plaintiff indicates that he has dedicated a significant amount of time to this matter, including providing counsel with pre-suit information and documentation and actively participating in the parties' settlement discussions on behalf of the FLSA collective and WWPCL class. Dkt. No. 40 at ¶5. In addition, the service award appears to be fair and reasonable in comparison to other awards in this district. Id. at ¶7 (citing Hoaglan v. Grede Holdings, LLC, Case No. 20-cv-425-pp, ECF No. 35 (E.D. Wis. July 12, 2022) ($6,000.00); Hoaglan v. Heritage Senior Living, LLC, 19-cv-1361-la, ECF No. 30 (Mar. 19, 2021) ($5,000.00); Henderson, et al., v. Russ Darrow Group, Inc., 19-cv-1421-jps, ECF No. 51 (E.D. Wis. Mar. 16, 2021) ($5,000.00)). And $5,000 is less than some other recent awards approved by this district. See, *e.g.*, Smith v.

HellermannTyton Corp., Case No. 19-cv-1262, Dkt. No. 110 (E.D. Wis. Sept. 6, 2023) (Adelman, J.) ($10,000.00); Kolbow, *et al.* v. API Heat Transfer Inc., Case No. 22-cv-451, Dkt. No. 40 (E.D. Wis. Sept. 21, 2023) (Stadtmueller, J.) ($11,000.00); Ciha v. Masters Gallery Foods Inc., Case No. 21-cv-1405, Dkt. No. 39 (E.D. Wis. Oct. 30, 2023) (Dries, M.J.) ($15,000.00); Sanders v. Mid-City Foundry Co., Case No. 23-cv-318, Dkt. No. 30 (E.D. Wis. Mar. 4, 2024) (Duffin, M.J.) ($10,000.00).

The court will grant the plaintiff's unopposed motion for approval of a $5,000 service award.

### III. Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 41)

Class counsel asks the court to approve attorneys' fees and costs in the total amount of $21,000 as contemplated by the settlement agreement. Dkt. No. 41.

Under the FLSA, plaintiff may seek reimbursement for fees and costs. 29 U.S.C. §216(b). In addition, successful litigants may seek fees and costs under Wis. Stat. §109.03(6). The Seventh Circuit urges courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Mktg. Litig. ("Synthroid I"), 264 F.3d 712, 718 (7th Cir. 2001). Courts have the discretion to use either a percentage of the fund or lodestar methodology. Florin v. Nationsbank of Georgia, N.A., 34 F.3d 560, 566 (7th Cir. 1994).

Class counsel has calculated fees using the lodestar method, which is "frequently employed in common fund cases." Harman v. Lyphomed, Inc., 945 F.2d 969, 973 (7th Cir. 1991). To calculate the lodestar, the court "[m]ultipl[ies] the hours reasonably expended by the reasonable hourly rates." Id. at 974. "A

9

reasonable hourly rate is based on the local market rate for the attorney's services." Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014).

Class counsel asks for an award of $21,000 out of the $45,000 gross settlement award—a little less than half of the gross settlement amount. The time spent on this case and counsels' hourly rates appear reasonable. And although counsel did not provide time records, Attorney Walcheske recounted the work performed on this case in his declaration. Dkt. No. 44 at ¶¶24-25. Reviewing the docket, the court observes that class counsel filed a number of documents over the course of the litigation, including the complaint and disclosure statement, several motions to extend the time to file for conditional certification, three status reports, stipulation for class and collective certification, the joint motion for preliminary settlement approval and supporting brief and the current motions and supporting briefs. Counsel also attended the June 13, 2023 scheduling conference and the February 24, 2025 fairness hearing. Class counsel attests that they spent time "analyzing timekeeping and compensation records; calculating damages and creating damages models; engaging in months of arm's length negotiations; communicating with Plaintiff, Defendant's counsel, and putative Settlement Class Members; working with Defendant's counsel on the parties' Settlement Agreement; creating the parties' Notice of Collective and Class Action Settlement; drafting all preliminary approval-related documents; filing Consent to Join Forms; and drafting all final approval-related documents." Id. at ¶24. The parties' dispute over the legal issues at the heart of this case resulted in a substantial amount of time and effort advancing the case's legal theories and causes of action, developing the factual narrative, exchanging information and documentation and engaging in good-faith communications toward resolution.

10

Id. at ¶17. Overall, the firm has spent 67.6 hours litigating this case (49.9 by counsel and 17.7 by the firm's legal assistant). Id. at ¶23. The attorneys bill at $450 an hour, while the firm's legal assistant bills $125 per hour, resulting in approximately $24,667.50 of work plus current expenses of $781.25. Id. at ¶¶11-12, 26, 30. This totals approximately $25,448.75, which is more than the requested $21,000; as such, the requested attorneys' fees are a slight discount from the actual amount spent on the litigation. The court will not make any adjustment to the award. The court will approve the unopposed award of fees and costs.

**IV.    Conclusion**

The court **GRANTS** the joint motion for approval of settlement. Dkt. No. 39. The court **APPROVES** the settlement as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

The court **APPROVES** the settlement payments to the settlement class. The thirtieth day after the date of this order constitutes the Effective Date of the parties' Settlement Agreement, unless the order is appealed. Within ten days of the Effective Date, the parties will recalculate the amounts payable to all settlement class members from the settlement fund (reallocating all funds initially allocated that were not claimed because of individuals not opting into the collective class). Within twenty days of the Effective Date, the defendant will deliver the settlement checks to the plaintiff's counsel for all settlement class members and for payment of the plaintiff's service award and plaintiff's counsel's attorneys' fees and costs. Within ten days thereafter, plaintiff's counsel will mail all settlement checks to settlement class members via first-class U.S. mail. The settlement class members each have sixty days to cash their individual checks. If the checks are not cashed in that time, the amounts

11

revert to the defendant. Any settlement class member who cashes their settlement check is bound by the settlement.

The court **GRANTS** the plaintiff's unopposed motion for approval of plaintiff's service award. Dkt. No. 40. The court **APPROVES** the requested payment in the amount of $5,000 to the representative plaintiff.

The court **GRANTS** the class counsel's motion for approval of attorneys' fees and costs. Dkt. No. 41. The court **APPROVES** the requested attorneys' fees and costs in the amount of $21,000.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
